| | |
|---|---|
| 1  JOHN W. SPIEGEL (SBN 78935)<br>john.spiegel@mto.com<br>2  KATHLEEN M. McDOWELL (SBN 115976)<br>kathleen.mcdowell@mto.com<br>3  MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, 25th floor<br>4  Los Angeles, CA 90071-1560<br>Telephone:  (213) 683-9100<br>5  Facsimile:   (213) 687-3702 | **ORIGINAL**<br><br>FILED<br>FEB 10 2011<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY_____ Deputy Clerk |

6
7  Attorneys for Defendants
   LOUIS E. CALDERA, LYLE E. GRAMLEY, HUGH
   M. GRANT, PATRICK C. HADEN, TERRANCE G.
8  HODEL ROBERT L. HUNT II, LYDIA H.
   KENNARD, and BRUCE G. WILLISON
9
10  [Additional Counsel Listed on Signature Page]

11                    UNITED STATES BANKRUPTCY COURT
12            CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
13

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>       vs.<br><br>MICHAEL W. PERRY, A SCOTT KEYS, RICHARD A. WOHL, LOUIS E. CALDERA, LYLE E. GRAMLEY, HUGH M. GRANT, PATRICK C. HADEN, TERRANCE G. HODEL, ROBERT L. HUNT II, LYDIA H. KENNARD, BRUCE G. WILLISON; JOHN OLINSKI, S. BLAIR ABERNATHY, RAPHAEL BOSTIC, SAMIR GROVER, SIMON HEYRICK, VICTOR H. WOODWORTH, LYNETTE ANTOSH, SCOTT VAN DELLEN, RICHARD KOON, KENNETH SHELLEM, WILLIAM ROTHMAN, JILL JACOBSEN, and KEVIN CALLAN,<br><br>             Defendants. | CASE NO. BC452871<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION**<br><br>(RELATED TO *IN RE INDYMAC BANCORP, INC.*, C.D. BANKR. 08-21752-BB and *SIEGAL V. CERTAIN UNDERWRITERS AT LLOYDS OF LONDON, ET AL.*, ADV. PROC. 2:11-AP-1443) |

12958308.1

NOTICE OF REMOVAL OF STATE COURT ACTION

TO THE CLERKS OF THE UNITED STATES BANKRUPTCY AND DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Michael W. Perry, A Scott Keys, Richard A. Wohl, Louis E. Caldera, Lyle E. Gramley, Hugh M. Grant, Patrick C. Haden, Terrance G. Hodel, Robert L. Hunt II, Lydia H. Kennard, Bruce G. Willison; John Olinski, S. Blair Abernathy, Samir Grover, Simon Heyrick, Victor H. Woodworth, Scott Van Dellen, Richard Koon, Kenneth Shellem, William Rothman, Jill Jacobsen, and Kevin Callan (collectively, "Defendants") hereby remove Case No. BC452871, filed in the Superior Court of California, Los Angeles, and all claims and causes of action therein, to the United States Bankruptcy Court, as automatically referred by the United States District Court for the Central District of California, Western Division.[1] C.D. Cal. General Order 266 (Oct. 9, 1984). As grounds for removal, Defendants state as follows:

## I. **JURISDICTION**

1. Removal to this Court is proper pursuant to 28 U.S.C. §§ 1334(b), 1441, 1446, 1452, C.D. Cal. General Order 266, Fed. R. Bankr. P. 9027, and Local Bankruptcy Rule 9027-1.

2. The Central District of California has adopted General Order 266, which automatically refers cases and proceedings "arising in or related to a case until Title 11" to bankruptcy court. In light of this General Order, "removal is made directly to the bankruptcy court." *In re Princess Louise Corp.*, 77 B.R. 766, 768 (Bankr. C.D. Cal. 1987); Local Bankruptcy Rule 9027-1 (notice of removal based on bankruptcy jurisdiction "must be filed with the clerk of the bankruptcy court"). *See Braden Partners, L.P. v. Hometech Medical Services, Inc.* 2003 WL 223423, at *2 (N.D.Cal. 2003) ("Where local rules provide that all bankruptcy proceedings (including those under 28 U.S.C. § 157(a)) are referred to the Bankruptcy Court, removal applications must be directed to the Bankruptcy Court.").

---

[1] Defendants appear specially for the purpose of removal only. They reserve all defenses as to jurisdiction, service, or otherwise that may be available in this action.

12958308.1

- 2 -

NOTICE OF REMOVAL OF STATE COURT ACTION

## II. BASIS FOR REMOVAL

3. On July 31, 2008, Debtor IndyMac Bancorp, Inc. ("IndyMac"), formerly the parent company of IndyMac Bank, FSB, filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, which case is captioned *In re IndyMac Bancorp, Inc.*, Case No. 08-21752-BB (Bankr. C.D. Cal. 2008). A Chapter 7 Trustee ("Trustee") has been appointed for IndyMac in accordance with 11 U.S.C. § 702. The IndyMac bankruptcy proceedings are pending before United States Bankruptcy Judge Sheri Bluebond.

4. Defendants are former officers and directors of IndyMac who have been named as defendants in various lawsuits arising out of the collapse of IndyMac Bank, FSB ("IndyMac-Related Litigations"). One or more of the Defendants has asserted and reserved rights to indemnification from the IndyMac estate (of, among other things, defense costs incurred in the IndyMac-Related Litigations) in proofs of claim some of the Defendants filed in the IndyMac bankruptcy on or about November 2008.

5. In September and November 2008, certain of the Defendants filed motions in bankruptcy court seeking a determination that the proceeds of certain directors & officers' ("D&O") liability policies purchased by IndyMac could be used for the payment of Defendants' defense fees in the IndyMac-Related Litigations. The Trustee opposed those motions, taking the position that all of the D&O policies were "presumptively property of the estate." On November 6, 2008, the bankruptcy court issued an order finding that the "Debtor's interests in the insurance policies identified in the [September] motion are property of the estate."

6. On February 2, 2011, the Trustee filed an adversary action in the bankruptcy court, captioned *Siegal v. Certain Underwriters at Lloyds of London, et al.*, against all of the carriers from whom IndyMac purchased D&O liability coverage for the policy period March 1, 2008 through April 31, 2009, seeking a declaration of the rights and obligations of the carriers who issued D&O policies covering the March 1, 2008 through April 31, 2009 policy period.

7. On January 12, 2011, Plaintiff Ace American Insurance Company ("Plaintiff") filed a Summons and Complaint captioned <u>Ace American Insurance Company v. Perry</u>, *et al.*,

12958308.1

- 3 -

Case No. BC452871, in the Superior Court of California, Los Angeles (the "State Court Action") against Defendants. Plaintiff seeks a declaration that there is no insurance coverage available to Defendants under a directors & officers' liability policy purchased by IndyMac from Plaintiff for the policy period from March 1, 2008 through April 1, 2009 (the "Policy"). Defendants have sought coverage under the Policy for claims asserted against them in certain of the IndyMac-Related Litigations. Ace has refused to provide coverage or advance defense costs under the Policy.

8.    On or about January 25, 2011, Plaintiff served a copy of the Summons and the Complaint in the State Court Action on Defendants. This Notice of Removal is filed within thirty (30) days of Defendants' receipt of the Summons and Complaint and is therefore timely under 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a) and Local Bankruptcy Rule 9027-1(d), copies of the Summons, Complaint, and all process, pleadings, and orders served upon Defendants as well as the case docket and all other filings from the State court action, are filed herewith as Exhibit 1.

9.    This proceeding concerns IndyMac's bankruptcy rights because a) the Trustee has asserted that the Policy at issue in the State Court Action is property of IndyMac's estate; and/or b) IndyMac owes Defendants an indemnity obligation to the extent that costs and expenses incurred by Defendants to defend the State Court Action and/or the IndyMac-Related Litigations are not covered and/or reimbursed under the Policy (or other D&O policies).

10.    This proceeding also involves IndyMac's bankruptcy rights because it concerns the same Policy that is the subject (among other policies) of the Trustee's pending adversary action against the D&O Carriers, including Plaintiff (*Siegal v. Certain Underwriters at Lloyds of London, et al.*, Adv. Proc. 2:11-ap-1443).

11.    Accordingly, this Court has at least "related to" original jurisdiction over this action under 28 U.S.C. § 1334(b), and this action may be removed to this Court by Defendants under 28 U.S.C. § 1452(a).

### III. ADDITIONAL PROCEDURAL REQUIREMENTS

12. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (O) to the same extent as the Trustee's adversary proceeding against the D&O Carriers, in that the subject matter of this case is subsumed within the Trustee adversary proceeding.

13. Pursuant to 28 U.S.C. § 1446(d), Defendants will serve a copy of this Notice of Removal (without the voluminous exhibits) on counsel for Plaintiff and will file a copy with the Superior Court of California for the County of Los Angeles.

14. Defendants sign this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure and Bankruptcy Procedure 9011.

15. All defendants named and served in the State Court Action consent to this Notice of Removal. Previously named defendants Raphael Bostic and Lynnette Antosh have been dismissed from the State Court Action.

16. In addition, in exchange for defense counsels' agreement to accept service for their non-dismissed clients, the parties have agreed that Defendants shall have until March 10, 2011 to answer or otherwise respond to the Complaint filed in the State Court Action.

WHEREFORE, Defendants hereby remove the above-captioned matter from the Superior Court of California, Los Angeles, to the United States Bankruptcy Court within the District Court for the Central District of California for the reasons stated above, or for any other reasons the Court deems necessary and proper.

DATED: February 10, 2011

MUNGER, TOLLES & OLSON LLP
John W. Spiegel
Kathleen M. McDowell

By: /s/ Kathleen M. McDowell
Kathleen M. McDowell

Attorneys for Defendants Louis E. Caldera, Lyle E. Gramley, Hugh M. Grant, Patrick C. Haden, Terrance G. Hodel, Robert L. Hunt II, Lydia H. Kennard, and Bruce G. Willison

12958308.1

- 5 -

| | | |
|---|---|---|
| 1 | DATED: February 10, 2011 | CORBIN, FITZGERALD & ATHEY LLP<br>Robert L. Corbin<br>Michael W. Fitzgerald<br>Joel M. Athey |

By: _____/s/_____
     Joel M. Athey

Attorneys for Defendants John Olinski, Samir Grover, Simon Heyrick, Victor Woodworth, Scott Van Dellen, William Rothman, Jill Jacobsen, and Kevin Callan

DATED: February 10, 2011

FAIRBANK & VINCENT
 Robert H. Fairbank
 Richard D. Gluck

By: _____/s/_____
     Robert H. Fairbank

Attorneys for Defendant S. Blair Abernathy

DATED: February 10, 2011

COVINGTON & BURLING LLP
 Jean Veta
 David Bayless

By: _____/s/_____
     David Bayless

Attorneys for Defendant Michael W. Perry

DATED: February 10, 2011

PAUL HASTINGS LLP
 Kirby Behre
 Brad Bloodworth

By: _____/s/_____
     Kirby Behre

Attorneys for Defendants Richard Koon and Kenneth Shellem

DATED: February 10, 2011

WILLIAMS & CONNOLLY LLP
Stephen Andrews

By: /s/
Stephen Andrews

Attorneys for Defendant Richard Wohl

DATED: February 10, 2011

WILLKIE, FARR & GALLAGHER LLP
Gregory S. Bruch
Jessica L. Matelis

By: /s/
Jessica Matelis

Attorneys for Defendant A. Scott Keys

12958308.1

- 7 -

NOTICE OF REMOVAL OF STATE COURT ACTION

Case 2:11-ap-01511-BB   Doc 1   Filed 02/10/11   Entered 02/10/11 15:56:19   Desc
Main Document   Page 8 of 9

ORIGINAL

RECEIVED
FEB 10 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

FORM B104 (08/07)                                                                                2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>ACE AMERICAN INSURANCE COMPANY | **DEFENDANTS**<br>MICHAEL W. PERRY, A. SCOTT KEYS, RICHARD A. WOHL, LOUIS E. CALDERA, ET AL. (REMOVING DEFENDANTS) |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>CHARLSTON, REVICH & WOLLITZ LLP<br>1925 CENTURY PARK EAST, SUITE 1250<br>LOS ANGELES, CA 90067; PHONE: 310-551-7000 | **ATTORNEYS** (If Known)<br>MUNGER, TOLLES & OLSON LLP<br>355 SOUTH GRAND AVENUE, 35TH FLOOR<br>LOS ANGELES, CA 90071; PHONE: 213-683-9100 |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☑ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
REMOVAL OF STATE COURT ACTION (L.A.S.C. NO. BC 452871) PURSUANT TO 28 U.S.C. Secs.1334(b), 1441, 1446, 1452, C.D. CAL. GEN. ORDER 266 (Oct. 9, 1984), FED. R. BANKR. P. 9027 and LOCAL BANKRUPTCY RULE 9027-1.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☒ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                             2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> INDYMAC BANCORP, INC., a Delaware Corporation ||| **BANKRUPTCY CASE NO.** <br> 2:08-BK-21752 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California || **DIVISIONAL OFFICE** <br> Los Angeles | **NAME OF JUDGE** <br> Hon. Sheri Bluebond |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| **PLAINTIFF** <br> ALFRED H. SIEGEL, as Ch. 7 Trustee for Debtor Indymac Bancorp, Inc. || **DEFENDANT** <br> CERTAIN UNDERWRITERS AT LLOYDS OF LONDON, ET AL. | **ADVERSARY PROCEEDING NO.** <br> 2:11-AP-1443 |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** <br> Central District of California || **DIVISIONAL OFFICE** <br> Los Angeles | **NAME OF JUDGE** <br> Hon. Sheri Bluebond |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signature]* ||||
| **DATE** <br> 2/10/11 ||| **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> KATHLEEN M. McDOWELL |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.